# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| DESMOND GERARD WILLIAMS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:09-CV-33 (CDL) |
| | * | 42 U.S.C. § 1983 |
| MUSCOGEE COUNTY SHERIFF'S | * | |
| DEPARTMENT, | * | |
| | * | |
| Defendant. | * | |

## ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND RECOMMENDATION OF DISMISSAL

Plaintiff Williams, presently an inmate in the Muscogee County Jail, in Columbus, Georgia, has filed the above styled §1983 action seeking damages in the amount of $1,000,000. (R-1). In addition, Plaintiff seeks to proceed *in forma pauperis*. It appears that Plaintiff is unable to pay the cost to commence this action. Therefore, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

Plaintiff must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In accordance with the Prison Litigation Reform Act (PLRA), the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held

in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of his prison account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00.

## Preliminary Review

Plaintiff's above styled Complaint filed under 42 U. S. C. § 1983 is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A(a) & (b), to wit:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Pursuant to 28 U. S. C. § 1915(e)(2), the court is required to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989).

Title 42 of the United States Code, Section 1983, reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Furthermore, the United States Supreme Court has held that to state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729 (1978).

## **Plaintiff's Statement of Claim**

Plaintiff's complaint establishes that he is in jail awaiting trial on a charge of theft by taking of a motor vehicle. (R-1, p. 5). Plaintiff contends that he was never "interviewed, interrogated, arrested, finger-printed, photographed or read his Miranda rights" prior to being brought to Recorder's Court for a preliminary hearing on said charge. *Id.* Plaintiff states that he was arrested for the unrelated charge of simple battery, which he claims he pled guilty to and was sentenced, but was later informed by his probation officer that he was being charged with a probation violation, of which is he claims he was also unaware. *Id.* at 7. Plaintiff further contends that the Muscogee County Jail does not have a functioning law library, and, therefore, he is unable to research the law regarding his case. *Id.* at 8. He also notes that he

3

has no ability to pay for an attorney, but that he fired the public defender assigned to his case. *Id.*

## **Discussion**

As stated previously, a successful § 1983 action requires that the plaintiff show he was deprived of a federal right by a person acting under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers, Inc v. Brooks*, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). Defendant Muscogee County Sheriff's Department is not a "person" within the meaning of 42 U.S.C. §1983. In a 1992 decision, *Dean v. Barber,* the Eleventh Circuit held that a proper claim under § 1983 requires the Plaintiff to file suit against a "person"or entity capable of being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). *See also Miller v. King*, 384 F.3d 1248, 1259-60 (11th Cir. 2004). While "Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d at 1214-1215. Georgia only "recognizes three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue," such as a partnership. *Georgia Insurers Insolvency Pool v. Elbert County*, 258 Ga. 317, 318, 368 S.E.2d 500 (1988); *citing Cravey v. Southeastern Underwriters Association*, 214 Ga. 450, 453, 105 S.E. 2d 497 (1958). If a named defendant or plaintiff is neither a natural person, a corporation, nor a partnership, the suit is improper. *Smith v. Commissioners of Roads and Revenue of Glynn County,* 198 Ga. 322, 324, 31 S.E.2d

648, 649 (1944). The Georgia Supreme Court has held that this type of defect is not amendable. *41854Id.; see also, Board of Road and Revenue Commissioners of Candler County v. Collins,* 94 Ga. App. 562, 95 S.E.2d 758, 759 (1956).

Just as in *Collins,* cited *supra,* in *Smith v. Commissioners of Roads and Revenue of Glynn County,* the Court found that the Board of Roads and Revenue of the county was not a proper party as it was not a natural person, a corporation or a partnership. *Smith,* at 324. The Court, therefore, dismissed the plaintiff's suit. Similarly, the Muscogee County Sheriff's Department, as named in the Plaintiff's lawsuit, is not a natural person, artificial person, nor a quasi artificial person. Therefore, because the Defendant in this case is incapable of being sued under 42 U.S.C. § 1983, it is recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted.

Moreover, Plaintiff has failed to state a claim upon which relief may be granted as he has alleged no physical injury resulting from his allegations. The PLRA provides at 42 U.S.C. § 1997e (e):

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The Eleventh Circuit Court of Appeals has held in an *en banc* decision that the physical injury requirement even applies to claims of a constitutional nature and must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 2000). In this case, Plaintiff has made no allegation of physical injury and the factual allegations do not indicate any

physical injury.

WHEREFORE, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be **DISMISSED** as frivolous and failing to state a claim upon which relief may be granted. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 31st day of March, 2009.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw